UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

FELIKS ROYTBERG and VICTORIA ROYTBERG,

                     Plaintiffs,    <u>ORDER</u>

    - against -                15-cv-5560(ENV)(MDG)

UNITED STATES OF AMERICA,

                     Defendant.

- - - - - - - - - - - - - - - - - -X

    Plaintiffs bring this action against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and § 2671 <u>et</u> <u>seq</u>., for injuries sustained by plaintiff Feliks Roytberg when he fell in the parking lot of Gateway National Recreation Area. As set forth in the Government's letter request for a pre-motion conference, the premises where the accident took place is a sports facility leased by defendant to Arklow-FBF, LLC d/b/a Aviator Sports and Recreation, LLC and Aviator Development Company, LLC (collectively "Aviator"). <u>See</u> ct. doc. 7 at 2. The Government seeks to move to dismiss, in part, on the ground that Aviator is an independent contractor under its concession agreement with the Government. <u>Id.</u>

    The Government moves for reconsideration of this Court's order, issued at a hearing held on April 14, 2016, directing the Government to produce to plaintiff the entire concession contract with Aviator, subject to a blanket attorneys' eyes only protective order. <u>See</u> ct. doc. 9. The Government states that it has

produced to plaintiff the portions of the concession contract that define Aviator's independent contractor relationship with the Government, redacting only signatures and the franchise fee the concessioner pays to the Government. The Government subsequently advised that plaintiffs' counsel agrees to this limited production. <u>See</u> ct. doc. 10. Notwithstanding plaintiffs' agreement to the Government's restricted production, the motion is denied.

## DISCUSSION

Local Civil Rule 6.3 provides that within 14 days of the entry of an order a party may move for reconsideration identifying "the matters or controlling decisions which counsel believes the Court has overlooked." Local Civil Rule 6.3. The standard for granting a motion for reconsideration is "strict." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Id.</u> "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." <u>Id.</u>; <u>see</u> <u>In re Bear Stearns Companies, Inc.</u>, 2011 WL 4063685, at *1-*2 (S.D.N.Y. 2011); <u>Dira Realty, LLC/CMP Improvements, Inc. v. Local 1031</u>, 2010 WL 5449851, at *2-*3 (E.D.N.Y. 2010).

At the initial conference, the Government attorney agreed to produce the concession agreement but sought to delay production for at least three weeks in order to redact confidential information. I expressed doubt that there would be any confidential information contained in an agreement that was a matter of public record, but, nonetheless, entered a blanket protective order in the interim to expedite production.

In fact, federal regulations require that when the National Park Service solicits proposals for concession contracts, it disclose "the terms and conditions of a current concession contract," "gross receipts of the current concession contract," and "franchise fees charged under the current concession contract." 36 C.F.R. § 51.5(b), (f). Once the new concession contract is awarded, the proposals previously submitted may be publicly disclosed. See id. § 51.100. Not only does there appear to be little risk of prejudice resulting from disclosure of "commercially sensitive business and pricing information" or other information contained in the concession contract, the commercial terms have been disclosed by one of the concessionaires. See Jane Gordon, Soon a Home to Flying Pucks and Balls, N.Y. Times, October 11, 2006 (quoting one of the developers as stating that "Aviator will pay 4% of its gross receipts monthly to the National Park Service as part of its concession contract").

Critically, the Government has previously publicly disclosed the concession agreement at issue in the two cases filed in this

Court that it cites in its pre-motion letter.  See K.V. v. United States, No. 12-cv-1944 (MKB), DE 14-1; Yesina v. United States, No. 11-cv-6349 (RRM), DE 11-1.  To the extent that the agreement was ever entitled to protection from disclosure, this Court finds no good cause to continue protection.  See Fed. R. Civ. P. 26© ("[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

I also reject the Government's belated argument that "its employees are prohibited from disclosing an unredacted copy of the entire contract . . . without potentially subjecting themselves to . . . criminal sanctions."  See ct. doc. 9 at 3 (citing 18 U.S.C. § 1905).  Section 1905 permits disclosure by government employees to the extent it is "authorized by law."  See 18 U.S.C. § 1905.  Many courts have recognized that "[d]isclosure pursuant to the discovery rules is disclosure 'authorized by law.'" Grumman Aerospace Corp. v. Titanium Metals Corp. of Am., 91 F.R.D. 84, 90 (E.D.N.Y. 1981); see Diamond Ventures, LLC v. Barreto, 452 F.3d 892, 897 (D.C. Cir. 2006) ("if MAQ information were protected under the Trade Secrets Act, it nonetheless could be discoverable"); Canal Auth. of State of Fla. v. Froehlke, 81 F.R.D. 609, 613 (M.D. Fla. 1979) ("[i]t is clear that information which is otherwise discoverable under Fed. R. Civ. P. 26(b)(1) is information which the Government is authorized by law to disclose"); Legal Aid Soc. of Alameda Cty. v. Brennan, 1975 WL 11949, at *5 (N.D. Cal. 1976) ("section 1905

-4-

can have no application" to disclosure in the course of discovery"); <u>Pleasant Hill Bank v. United States</u>, 58 F.R.D. 97, 98 (W.D. Mo. 1973) ("information that is discoverable under the Federal Rules of Civil Procedure cannot be said to be confidential information under this provision, even if exempt from disclosure to the public under the Freedom of Information Act"); <u>Exchange Nat. Bank of Chicago v. Abramson</u>, 295 F. Supp. 87, 92 (D. Minn. 1969) ("any information that is discoverable in a civil suit . . . under Rules 26 through 37 of the Federal Rules of Civil Procedure cannot be said to be confidential information within the prosecution of the above statute").

## CONCLUSION

The motion for reconsideration is denied.  In light of the foregoing, this Court vacates the prior blanket protective order and directs production by April 20, 2016 of the concession agreement and the other agreements upon which the Government intends to rely in its contemplated motion to dismiss.  This is without prejudice to a motion for protective order as to agreements other than the concession agreement.

**SO ORDERED.**

Dated:   April 18, 2016
         Brooklyn, New York

                                        /s/_____
                                        MARILYN D. GO
                                        UNITED STATES MAGISTRATE JUDGE